UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CESAR SANCHEZ DIAZ, | |
| Plaintiff, | |
| -against- | 24-CV-7217 (LTS) |
| DRUG ENFORCEMENT ANGENCY (DEA); MANHATTAN NARCOTICS UNIT (NYPD), | TRANSFER ORDER |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who was detained on Rikers Island at the time he filed the complaint and is now

incarcerated at the Ulster Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983,

alleging that Defendants violated his federal constitutional rights during an arrest in Brooklyn,

Kings County, New York. Named as Defendants are the United States Drug Enforcement Agency

("DEA") and the "Manhattan Special Narcotics Unit" of the New York City Police Department.[1]

For the following reasons, this action is transferred to the United States District Court for the

Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim

---

[1] Neither the "Manhattan Special Narcotics Unit" nor the NYPD are suable entities under
New York law. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the
recovery of penalties for the violation of any law shall be brought in the name of the city of New
York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of
New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F.
Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal
agency."). In light of Plaintiff's *pro se* status, for the purposes of this order, the Court will
construe Plaintiff's claims against these entities as being asserted against the City of New York.

occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that the events giving rise to his claims occurred at the Gateway Mall in Brooklyn, Kings County, New York. Kings County is located in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Although Plaintiff does not provide addresses for the defendants, the DEA and City of New York can be considered to reside in both this District and the Eastern District of New York. Venue under Section 1391(b)(1) is therefore proper in both this District and the Eastern District of New York. Because the events giving rise to Plaintiff's claims occurred in Brooklyn, venue is also proper in the Eastern District of New York under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the

totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Brooklyn, where Defendants reside, and it is reasonable to expect that relevant documents and witnesses also would be in Brooklyn. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 1, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge